**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NICHOLAS J. SCALLION; MARY E.
SCALLION,
Plaintiffs-Appellants,

No. 98-2580

v.

UNITED STATES OF AMERICA,
Defendant-Appellee.

CLYDE E. MILLER; JOANN M.
MILLER,
Plaintiffs-Appellants,

No. 98-2586

v.

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-97-711-WMN, CA-97-709-WMN)

Argued: May 4, 1999

Decided: July 2, 1999

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edward Lee Blanton, Jr., Baltimore, Maryland, for Appellants. Kenneth W. Rosenberg, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Richard Farber, Lynne A. Battaglia, United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nicholas and Mary Scallion and Clyde and JoAnn Miller brought actions against the United States to recover money they paid to the Internal Revenue Service under I.R.C. § 4980A (1994), which imposes an excise tax on certain distributions from qualified pension plans. The district court granted summary judgment for the United States, and the Scallions and Millers appeal. We affirm.

I.

Appellants Nicholas Scallion and Clyde Miller were teachers in Maryland's public schools for a number of years. Scallion began teaching in 1954, and Miller started in 1961. Both enrolled in the Maryland Teacher's Retirement System and contributed five percent of their annual salaries to the plan.

In 1979 Maryland created a new retirement program called the Maryland Employees Pension System and required all new hires to enroll in that program instead of the Teacher's Retirement System. The State, over a period of years, also encouraged members of the Teacher's Retirement System to transfer to the new program. In 1990

2

Scallion and Miller took the State's suggestion and transferred from the Teacher's Retirement System to the Maryland Employees Pension System. As a result, they received disbursements, or"transfer refunds," from the old Teacher's Retirement System. Scallion received $400,925.50 and Miller received $250,530.19. That money was the sum of their contributions and accrued earnings in the old system.

Scallion and Miller, along with their wives, listed their pension disbursements as income on their 1990 tax returns and paid an excise tax on the disbursements under I.R.C. § 4980A. Section 4980A imposes a 15 percent levy on the portion of any retirement distribution that exceeds $150,000 in one calendar year. Thus, Scallion paid $33,158 and Miller paid $9,955, sums equal to 15 percent of the portions of their disbursements that exceeded $150,000.

Shortly thereafter, the Scallions and the Millers filed amended tax returns claiming refunds on the ground that § 4980A's excise tax did not apply to their transfer refunds from the old retirement system. The Internal Revenue Service denied those claims. The Scallions and Millers then filed suits in federal district court, seeking refunds of their excise tax payments. They claimed that their transfer refunds were not taxable "distributions" as defined by I.R.C. § 4980A(e). Instead, they argued, the transfer refunds were permissible withdrawals and were not taxable under § 4980A.

II.

Section 4980A(a) imposes "a tax equal to 15 percent of the excess distributions with respect to any individual during any calendar year." Subpart (e) of the same section defines a "retirement distribution" in part as "the amount distributed during the taxable year under . . . any qualified employer plan with respect to which such individual is or was the employee . . . ." The section further defines a "qualified employer plan" in part as "any plan described in section 401(a) . . . ." I.R.C. § 4980A(e).

In district court, the appellants presented a rather complicated argument to show that their transfer refunds should not be considered "distributions" under Section 4980A. They noted that plans are not

3

permitted, under § 401(a), to issue early distributions.[1] They then pointed out that they had indeed received money from their plan early, that is, prior to their retirement, death, or disability. Finally, they argued that because the Internal Revenue Service had not disqualified the Maryland Teacher's Retirement System for having issued early "distributions," the money they received could not possibly be characterized as "distributions" for purposes of § 4980A. Instead, they argued, the funds were mere "withdrawals" outside the scope of § 4980A.

The district court did not agree with the Scallions and the Millers on this point, however. Instead, it relied on this court's decision in Powell v. Commissioner, 129 F.3d 321 (4th Cir. 1997), which addressed a similar factual situation. In Powell the taxpayer argued that the Maryland Teacher's Retirement Plan's early disbursement automatically rendered it "unqualified" and that his transfer refund therefore could not have been a distribution under § 4980A. We rejected Powell's argument, noting that "a retirement plan [under section 4980A] is deemed to be a `qualified plan' even if it is not qualified on the date of the distribution, so long as the Commissioner at any time had determined that the plan was qualified." Id. at 325. We then held that the "Transfer Refunds were distributions from a `qualified employer plan'" and therefore taxable under § 4980A. Id. In the case now before us, the district court concluded that the Scallions and Millers' argument was simply a refinement of the argument made in Powell and that Powell in any event governed the treatment of these transfer refunds. Accordingly, the district court considered itself bound by Powell and granted summary judgment in favor of the United States.

III.

After considering the briefs, the joint appendix, and the oral arguments by counsel, we affirm on the reasoning expressed in the opin-

---

[1] Cf. Rev. Rul. 56-693, 1956-2 C.B. 282 ("[A]n employees' pension plan which permits the participants, prior to any severance of their employment or the termination of the plan, to withdraw all or part of the funds accumulated on their behalf . . . will fail to meet the requirements of § 401(a) of the Code.").

4

ions of the district court. <u>See Scallion v. United States</u>, No. WMN-97-711 (D. Md. Mar. 5, 1998); <u>Miller v. United States</u>, No. WMN-97-709 (D. Md. Mar 5, 1998); <u>Scallion v. United States</u>, No. WMN-97-711 (D. Md. Aug. 19, 1998) (denying plaintiffs' motion to alter or amend the March 5 order); <u>Miller v. United States</u>, No. WMN 97-709 (D. Md. Aug. 19, 1998) (same).**2**

<u>AFFIRMED</u>

_____

**2** The appellants also argue that § 4980A should not apply to governmental plans. We believe that this argument is also foreclosed by <u>Powell</u>. <u>See</u> 129 F.3d at 325.

5